```
RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE__12-3-03_____
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2003 DEC -3 P 12: 04
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|                  Plaintiff,    ) | |
|                                ) | |
|        v.                      ) | Civil Action No. |
|                                ) | |
| 9A MASON ROAD, also known as   ) | |
| 15 MASON ROAD, EAST FREETOWN,  ) | 03  12432 RWZ |
| MASSACHUSETTS,                 ) | |
|                  Defendant.    ) | MAGISTRATE JUDGE Cohen |

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, in a civil action of forfeiture pursuant to 21 U.S.C. § 881(a)(7), alleges that:

1.  This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is appropriate pursuant to 28 U.S.C. § 1395.

2.  The defendant property consists of the real property located at 9A Mason Road (which is also known as 15 Mason Road), East Freetown, Massachusetts, including all buildings, appurtenances, and improvements thereon (the "Defendant Property"). The Defendant Property currently is owned by Kathleen A. Whittaker.

3.  The *in rem* Defendant Property is now, and, during the pendency of this action, will be within the jurisdiction of this Court.

4. As detailed in the Affidavit of Sergeant-Detective Michael J. Byrnes of the Freetown Police Department, and the Affidavit of United States Drug Enforcement Administration Task Force Agent Celeste T. Cabral, attached as Exhibits A and B and incorporated herein by reference, the United States has probable cause to believe that the Defendant Property constitutes real property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841, 846, and/or 856.

5. The Defendant Property is, therefore, subject to seizure and forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(7).

WHEREFORE, the United States of America requests:

1. That a warrant and monition, in the form submitted herewith, be issued to the United States Marshal for the District of Massachusetts commanding him to give notice to all interested parties to appear and show cause why the forfeiture should not be decreed;

2. That judgment of forfeiture be decreed against the Defendant Property;

3. That thereafter, the Defendant Property be disposed of according to law; and

## **EXHIBIT A**

### **AFFIDAVIT OF MICHAEL J. BYRNES**

I, Michael J. Byrnes, being duly sworn, state the following:

1. I am a Freetown, Massachusetts Police Officer, and have been so employed for twenty-three years. I presently hold the rank of Detective-Sergeant and I am in command of all drug investigations for the Freetown Police Department. During the past six years, I have been involved in and supervised numerous investigations of violations of the Controlled Substances Act. Those investigations included surveillance, undercover operations, search warrants and controlled purchases of controlled substances. I also served as Freetown Police Department Evidence Officer responsible for handling controlled substances from January 1997 until January 1999.

2. As the result of my training and experience, I am familiar with the methods, routines, and practices of individuals involved in the sale and trafficking of narcotics. I am also familiar with the various paraphernalia used to manufacture, cultivate, compound, process, deliver, and dispense heroin, cocaine, marijuana, and other controlled substances.

3. I submit this Affidavit in support of a Complaint for Forfeiture In Rem against the real property and buildings located at 9A Mason Road, East Freetown, Massachusetts, which is also known as 15 Mason Road, East Freetown, Massachusetts (the



"Defendant Property"). The Defendant Property currently is owned by Kathleen A. Whittaker.

## BACKGROUND

4. On or about September 19, 1991, I participated in the execution of a search warrant at the Defendant Property (the "September 1991 search"). The search warrant was issued by the Fall River District Court based, in part, on information received from a confidential informant that Scott W. Porteous was cultivating and distributing marijuana on the Defendant Property. The 1991 investigation revealed that Porteous was Whittaker's boyfriend, and that they both resided at the Defendant Property.

5. During the September 1991 search, law enforcement officers seized the following items, *inter alia*:

    a. assorted ledgers and journals;

    b. one large Ziploc bag containing 8 rolled plastic bags of marijuana labeled with names and numbers that corresponded with names and numbers in the seized ledgers;

    c. one white plastic bag containing a large quantity of marijuana;

    d. one white plastic shopping bag of marijuana;

    e. one four-foot dried marijuana plant;

    f. two live marijuana plants in plastic containers;

g.  one cigarette pack containing two plastic bags of marijuana;

h.  one ten-inch long dried marijuana stem;

i.  one small plastic container of marijuana seeds;

j.  paraphernalia commonly used to cultivate and package marijuana for sale, including two large screen sifters, Ziploc bags, rolling papers, two scales, roach clips, and large cultivating pots painted with a camouflage design; and

k.  Polaroid photographs depicting Whittaker amongst and holding marijuana plants on the property.

The estimated weight of the marijuana seized during the September 1991 search was three and one-half pounds.

6.  Whittaker and Porteous were arrested during the September 1991 search and charged with, among other things, possession with the intent to distribute a class D controlled substance.

7.  After law enforcement officers advised Porteous of his rights and informed him that he was being charged with possession with the intent to distribute a class D substance, Porteous stated: "Yeah, possession but not distribution. I grow 12, 13 ounces a year and bag it so I won't have to buy any. Hey, at

3

least I don't drink!"

8. Shortly after Whittaker and Porteous were arrested, in or around September 1991, Whittaker's parents asked law enforcement officers whether the Defendant Property would be forfeited. In or around November 1991, Whittaker's mother recorded a $40,000 lien on the Defendant Property at the Bristol County Registry of Deeds.

9. Based on the September 1991 search and related investigation, the United States filed a civil complaint seeking forfeiture of the Defendant Property in January 1992. The case was resolved on January 21, 1994, when United States District Judge Nathaniel M. Gorton endorsed a Judgment and Order of Forfeiture of Substitute Res ordering the Defendant Property substituted by $10,000, and forfeiture of $10,000 to the United States.

10. The state criminal charges against Porteous and Whittaker were dismissed by the Fall River District Court in April 1994.

## 2003 INVESTIGATION

11. On or about August 13, 2003, Chief Warrant Officer David Picard of the Massachusetts National Guard told me that he had flown a helicopter over the Long Pond area of Freetown on August 12, 2003. Picard has been involved in numerous drug investigations in his capacity as a helicopter aviator. He has

4

been trained to identify marijuana plants from the air, and his observations have resulted in the confiscation of hundreds of marijuana plants and the arrest of individuals for unlawful possession and/or distribution of marijuana.

12.  Picard told me that, during the August 12, 2003 flight, he had observed marijuana plants near a cement foundation, greenhouse, and trailer located on the south side of Long Pond in East Freetown, Massachusetts.  Based on my personal knowledge and experience, including my participation in the September 1991 search, I understood that Picard was describing the Defendant Property.  Picard told me that, while flying above the Defendant Property, he observed a male immediately pull a covering material over the plants so as to conceal their identity.

13.  On or about September 16, 2003, I accompanied Picard on a fly-over of the Long Pond area.  During the flight, Picard directed my attention to approximately thirty green plants growing on the land below us.  Picard stated that, based on his knowledge, experience and training, the vegetation was marijuana plants.  We then saw a white male immediately pull a covering material over the suspected plants so as to conceal their identity.  The male was accompanied by two German Shepard dogs.  The area where the marijuana plants were growing consisted of a cement foundation/pad, greenhouse with green coloring, and a white house trailer.  There were numerous tires around the

5

cement, near the greenhouse and along the front of the house trailer. Based on my participation in the September 1991 search, I recognized the area where the marijuana plants were growing as the Defendant Property.

14. A license query through the Massachusetts Registry of Motor Vehicles database and a review of the Freetown street listings revealed that Porteous was residing at the Defendant Property. Based on my participation in the September 1991 search, I knew that Porteous is a white male and that he raises German Shepards for sale on the Defendant Property.

15. Based, in part, on this information, a search warrant for the Defendant Property was issued by the Fall River District Court on September 16, 2003.

16. On or about September 17, 2003, I and other law enforcement officers executed the search warrant at the Defendant Property. When we arrived at the Defendant Property, we were met at the door to the white house trailer by a white male whom I recognized from the September 1991 search as Porteous. I provided Porteous with a copy of the search warrant and advised him of his rights under Miranda.

17. During the search, law enforcement officers seized the following:

> a. a number of six-foot marijuana plants growing inside the greenhouse and under a white tarp

attached to a fence which was attached to the cement foundation (the same tarp that I had observed a white male pull over marijuana plants during the September 16, 2003 fly-over);

b.   $224 in cash from the bedroom in the house trailer;

c.   an ashtray containing fourteen marijuana cigarettes from the living room of the house trailer; and

d.   loose marijuana leaves gathered from the area where officers were loading the marijuana plants into a truck, from inside and outside of the greenhouse, and from the rear of the cement foundation.

18.   As officers seized the marijuana plants, Porteous was arrested. Without questioning, Porteous said that he knew why we were there and that we would find "what you are looking for" behind the foundation under the white tarp and that the rest would be in the greenhouse.

19.   While watching the search, Porteous approached Freetown Police Officer Michael J. Connell and asked "which helicopter were you guys in? I should have picked this stuff three days ago."

20.   During the search, law enforcement officers located

7

clothes lines strung at least twenty feet in the air among the house trailer and multiple trees on top of a hill at the back of the Defendant Property. There were several tarps on the ground near the ropes and a ladder leaning against one of the trees from which the clothesline was hung. From my training and experience, I recognized this network of clotheslines as a mechanism for drying marijuana plants.

21. Whittaker, the owner of the Defendant Property and Porteous' girlfriend, arrived at the Defendant Property during the execution of the search warrant. I provided Whittaker with a copy of the search warrant at her request. I advised her that Porteous was under arrest and in the back of a police cruiser, and that he had been charged with possession with the intent to distribute a class D substance. Whittaker then stated "I know he is growing marijuana here."

22. The plants seized from the Defendant Property on September 17, 2003 were analyzed and certified to contain marijuana, including its resin. Sixty-two separate plants were identified. The total weight of those plants, including stalks and root systems, was fifty-four pounds. The green vegetable matter seized from the Defendant Property and stored in three plastic bags was analyzed and certified to contain marijuana, including its resin. The total weight of the green vegetable matter was ten pounds.

**EXHIBIT B**

**AFFIDAVIT OF CELESTE T. CABRAL**

I, Celeste T. Cabral, state the following under oath:

1. I am a Task Force Agent with the United States Drug Enforcement Administration ("DEA"), assigned to the New Bedford Regional Office, and have served in this capacity for approximately four years. I have also served as a Deputy Sheriff with the Bristol County Sheriff's Office for the past thirteen years, and also as a Lieutenant with the Bristol County Sheriff's Office in the last year. Prior to becoming a DEA Task Force Agent, I was a member of the Bristol County Sheriff's Office South Coast Anti-Crime Team for two years. During my law enforcement career, I have participated in hundreds of investigations, involving undercover work and surveillance, concerning the distribution of controlled substances. I have become very familiar with the practices of narcotics traffickers, and have received extensive training in the methods and practices commonly used by people engaged in drug trafficking.

2. I submit this Affidavit in support of a Complaint for Forfeiture In Rem against the real property and buildings located at 9A Mason Road, East Freetown, Massachusetts, which is also known as 15 Mason Road, East Freetown, Massachusetts (the "Defendant Property"). The Defendant Property currently is owned by Kathleen Whittaker.



GOVERNMENT EXHIBIT B

3.  I have reviewed the Affidavit of Detective-Sergeant Michael J. Byrnes of the Freetown Police Department, attached to the Complaint as Exhibit A, and I have spoken with Detective-Sergeant Byrnes about the Freetown Police Department investigation into illegal narcotics activity at the Defendant Property. Based on the information detailed in Detective Byrnes' Affidavit, I have probable cause to believe that the Defendant Property was used or intended to be used to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841, 846 and/or 856. I therefore have probable cause to believe that the Defendant Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

Signed under the pains and penalties of perjury this 2 day of December 2003.

*[signature]*
Celeste T. Cabral
Task Force Agent,
United States Drug
Enforcement Administration

2