UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -2  P 12: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff<br><br>V.<br><br>9A MASON ROAD, also known as<br>15 MASON ROAD, EAST FREETOWN,<br>MASSACHUSETTS,<br>          Defendant.<br>_____<br>KATHLEEN WHITTAKER,<br>BEVERLY GURNEY and<br>SCOTT PORTEOUS,<br>          Claimants. | CIVIL ACTION NO. 03-12432RWZ |

### SCOTT PORTEOUS' OPPOSITION TO PLAINTIFF'S MOTION
### FOR JUDGMENT ON THE PLEADINGS AS TO
### SCOTT PORTEOUS' NOTICE OF CLAIM AND
### MOTION TO BE TREATED AS ONE FOR SUMMARY JUDGMENT
### PURSUANT TO FED.R.CIV. P. 56

I.      Now comes Scott Porteous pursuant to Fed.R.Civ. P.12(b)(6), (c), (e) and (h)(2) and opposes the Plaintiff's (Government) motion on the pleadings as he owns and possesses the buildings, appurtenances and improvements on the real property in question, 9A Mason Road (also alleged to be 15 Mason Road) East Freetown, MA and obviously has standing.

Scott Porteous (Porteous or the Claimant, hereafter) was served by the Plaintiff as an interested party, and in the Government's complaint in rem, paragraph 2, the Plaintiff seeks to forfeit all real property, ". . .including all buildings, appurtenances, and improvements thereon . . ." In his Notice of Claim, the Claimant stated he did not own the real estate but had a ". . .

possessory interest in part of such property. . ." and ". . .lives and breeds dogs on part of said property." The Claimant's possessory interest is that he possesses: (1) the cement - unfinished - home built into the real estate, (2) the greenhouses, (3) the trailer-home and (4) the dog kennels. (See Affidavit of Scott Porteous as attachment "A" and a copy of the Plaintiff's photograph of the unfinished home, green house and trailer home." (Attachment "B")

"It is well established that a party seeking to challenge a forfeiture of property must first demonstrate an <u>ownership or possessory</u> interest in the seized property in order to have standing to contest the forfeiture." <u>United States v. 116 EmersonSt.</u>, 942 F.2d 74, 78 (1st Cir. 1991) (emphasis supplied). The Claimant lives on said property in the mobile home and has dog kennels built into the ground.

"At the initial stage of intervention, the requirements for a Claimant are very forgiving." <u>United States v. One-Sixth Share of James J. Bulger in All Present And Future Proceeds of Mass. Millions Lottery Ticket No. M246233</u>, 326 F.3d 36, 41(1st Cir. 2003). In general, any colorable claim on the defendant property suffices. <u>Ibid</u>. "Courts generally do not deny standing to a Claimant who is either the colorable owner of the res or who has any colorable <u>possessory interest in it</u>." <u>United States v. $81,000</u>, 189 F.3d 28, 35 (1st Cir. 1999)

In this case, the Plaintiff chose to seek forfeiture of those buildings on the real estate; those buildings are owned by Porteous. He lives in and owns the trailer home, he owns the unfinished house and he owns and derives his income from breeding dogs in the dog kennels. He would be greatly injured by the forfeiture of the res the Plaintiff seeks. "While ownership and possession generally may provide evidence of standing, it is injury to the party seeking standing that remains the ultimate focus." <u>One-Sixth Share of James J. Bulger</u>, at 41 citing <u>United States</u>

v. Cambio Exacto, S.A. 166 F.3d 522, 527 (2d Cir. 1999).

It should be noted that the congressional intent was that ownership be broadly defined to include anyone with legal or equitable interest in the property. United States v. 221 Dana Ave., 261 F.3d 65, 71& n.5 (1st Cir. 2001).

## II.  Motion for Judgment on the Pleadings.

Pursuant to Fed.R.Civ. P. 12(c), the Claimant, Scott Porteous, now makes such motion as he added his affidavit and a photograph of the property in question in order to substantiate his "standing". Fed.R.Civ.P. 12(c) reads as follows:

> After the pleadings are closed but within such time
> as not to delay the trial, any party may move for judgment
> on the pleadings. If, on a motion for judgment on the pleadings,
> matters outside the pleadings are presented to and not excluded
> by the court, the motion shall be treated as one for summary
> judgment and disposed of as provided in Rule 56, and all parties
> shall be given reasonable opportunity to present all material made
> pertinent to such a motion by Rule 56.

The Claimant, Mr. Porteous, is now moving this Honorable Court to treat the government's Motion for Judgment on the Pleadings as a motion for summary judgment as indicated by the rule above, as to the issue of standing.

Respectfully submitted,
Scott Porteous
By his attorney

/s/ Robert M. Xifaras
Robert M. Xifaras, BBO# 551079
5 Dover St.
New Bedford, MA 02740     Tel# 508-999-9640

I certify that a true copy of this document was served on all counsel of record, by mail, postage prepaid.

R.M. Xifaras

date: 6/2/04

I certify that a true copy of this document was served on all counsel of record, by delivery in hand.

date: _____

3

## AFFIDAVIT OF SCOTT PORTEOUS

I, Scott Porteous, hereby aver and state the following to be true to the best of my knowledge, recollection and belief:

1. I reside at 15 Mason Road, E. Freetown, MA, in a trailer home which I own.

2. I also own an unfinished home/structure at said address.

3. I own the dog kennels that are built into the ground and operate my dog breeding business at said address.

Signed under the pains and penalties of perjury this 27th day of April, 2004.

_____
Scott Porteous

