UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,      )
            Plaintiff,         )
                               )
       v.                      ) Civil Action No. 03-12432RWZ
                               )
9A MASON ROAD, also known as   )
15 MASON ROAD, EAST FREETOWN,  )
MASSACHUSETTS,                 )
            Defendant.         )
_____)
KATHLEEN WHITTAKER,            )
BEVERLY GURNEY, and            )
SCOTT PORTEOUS,                )
            Claimants.         )
```

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR JUDGMENT
ON THE PLEADINGS AS TO BEVERLY GURNEY'S
<u>VERIFIED CLAIM OF INTEREST OR RIGHT IN PROPERTY</u>**

<u>BACKGROUND</u>

In this action <u>in</u> <u>rem</u>, the United States seeks to forfeit certain real property, currently owned by Kathleen Whittaker, located on Mason Road in East Freetown, Massachusetts (the "Defendant Property"). The United States commenced this action by filing its Verified Complaint for Forfeiture <u>In</u> <u>Rem</u> (the "Complaint") on December 4, 2003. The Complaint and incorporated Affidavits of Detective-Sergeant Michael J. Byrnes of the Freetown Police Department and United States Drug Enforcement Administration Task Force Agent Celeste T. Cabral set forth probable cause to believe that the Defendant Property is

forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7) (2004) as "real property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841, 846, and/or 856." Complaint ¶ 4.

On December 16, 2003, this Court granted the United States' Ex Parte Motion for Lis Pendens, and the Lis Pendens was recorded at the Bristol County Registry of Deeds on December 30, 2003. On December 31, 2003, this Court found probable cause for forfeiture of the Defendant Property and issued the forfeiture Warrant and Monition, directing the United States Marshals Service to publish the notice of forfeiture and to serve notice upon, among others, Beverly Gurney ("Gurney"). The United States Marshals Service served Gurney on February 11, 2004, and published notice of this forfeiture proceeding on February 10, 17, and 24, 2004, in the Boston Herald.

On March 5, 2004, Gurney filed a Verified Claim of Interest or Right in Property (the "Claim"), and on March 25, 2004, she filed an answer (the "Answer"). In her Claim, Gurney alleged an ownership interest in property known as "9A Mason Road, East Freetown, Massachusetts." Claim ¶¶ 1-10. Gurney alleged that "9A Mason Road" and "15 Mason Road" are two separate and distinct parcels, and that Gurney, and not Whittaker, owned the property known as "9A Mason Road." Id. ¶¶ 3, 6 and 9. Gurney also

alleged a "right and interest" in the Defendant Property (referred to in the Claim as "the Whittaker Property" and "15 Mason Road") pursuant to 18 U.S.C. § 983(d) by virtue of the following language contained in the deed transferring the Defendant Property to Whittaker (the "Deed"):

> In the event the grantee, her heirs or assigns, shall desire to sell the premises prior to January 1, 2004, to a bona fide purchaser, she agrees for herself, her heirs and assigns, that she will first notify the grantors [Beverly and Merton Gurney] in writing of the name and address of such prospective purchaser and the terms of the proposed sale, and offer the said premises to said grantors upon the same terms.

Claim ¶¶ 12-13.  Gurney attached the Deed to her Claim, as well as a plan of land recorded at the Bristol County Registry of Deeds.  Claim Ex. A and B.

In her Answer, Gurney either denied or stated that she had insufficient information to enable her to admit or deny the forfeiture allegations of the Complaint, and asserted no affirmative defenses.  Gurney specifically requested the following relief:

> . . . an order requiring the amendment of the complaint in this matter to conform to the facts regarding ownership and location of property and to designate the property subject to this action by Freetown Assessor's Map and Lot number or some other means more capable of distinguishing the property in question,

and:

> . . . an order pursuant to 18 U.S.C. § 983(d)(5) that provides for the continuation of Gurney's rights in any property owned by Kathleen Whittaker subsequent to any forfeiture and that these rights are not extinguished

3

>through transfer to the United States or any subsequent attempt to sell the [Defendant] Property by the United States.[1]

Answer at 2, ¶¶ 1-2.

As set forth below, Gurney has failed to meet her burden of alleging a sufficient interest in the Defendant Property to contest this forfeiture action.[2]

### ARGUMENT[3]

A Rule 12(c) motion should be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." Int'l Paper Co. v. Jay, 928 F.2d 480, 482-83 (1st Cir. 1991) (affirming dismissal under Rule 12(c)) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In evaluating a Rule 12(c) motion, the Court must accept the claimant's pertinent well-pleaded facts as true and

---

[1] Gurney made the same requests for relief in her Claim. See Claim ¶¶ 10, 14.

[2] Counsel for the United States and Gurney represented to the Court at the April 28, 2004 Scheduling Conference that settlement of Gurney's claim was anticipated. Counsel for the United States further represented to the Court that, in accordance with the anticipated agreement, the government would promptly move to amend the Complaint to address Gurney's first request for relief. The Court granted the Assented-To Motion To Amend Verified Complaint For Forfeiture In Rem on May 12, 2004. Settlement negotiations broke down in early June 2004.

[3] The facts underlying this forfeiture action are set forth in the affidavits submitted with the Complaint, as well as the Government's Memorandum of Law in Support of its Motion for Judgment on the Pleadings as to Scott Porteous' Notice of Claim. See Doc. No. 24.

draw all reasonable inferences in favor of the claimant, but it "need not credit conclusory statements or merely subjective characterizations" contained in the claim. Lakeside Builders, Inc. v. Planning Board of Franklin, 2002 WL 31655250, at *2 (D. Mass. March 21, 2002) (granting Rule 12(c) motion); Int'l Paper, 928 F.2d at 482.

A motion for judgment on the pleadings is appropriate where, as here, a claimant has not shown that he or she has standing to challenge a forfeiture action. See United States v. $244,320 in United States Currency, 295 F. Supp. 2d 1050, 1062 (S.D. Iowa 2003) (Rule 12(c) motion granted where claimant did not allege facts sufficient to establish standing to challenge forfeiture of property); United States v. New Silver Palace Rest., 810 F. Supp. 440 (E.D.N.Y. 1992) (same). "Standing is a threshold consideration in all cases, including civil forfeiture cases." United States v. One-Sixth Share of James J. Bulger in All Present and Future Proceeds of Mass Millions Lottery Ticket No. M246233, 326 F.3d 36, 40 (1st Cir. 2003) (citing United States v. Cambio Exacto, S.A., 166 F.3d 522, 526 (2d Cir. 1999)). Defenses against the forfeiture of property are brought by third party claimants, who must show that they have independent standing to intervene in the civil action. Id. (citations omitted). "Standing in such cases has both constitutional and statutory aspects." Id. (citations omitted). In the interest of judicial

5

economy, the Court should decide the issue of standing at the commencement of litigation, rather than deferring consideration until trial. United States v. 1998 BMW "I" Convertible, VIN # WBABJ8324WEM20855, 235 F.3d 397, 399 (8th Cir. 2000) (citations omitted).

With regard to constitutional standing, a claimant must demonstrate a "sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." Sierra Club v. Morton, 405 U.S. 727, 731 (1972). The burden is on the claimant to demonstrate a "colorable interest in the property, redressable, at least in part, by a return of the property." United States v. 7725 Unity Ave., 294 F.3d 954, 957 (8th Cir. 2002); see also United States v. One 1986 Volvo 750T, VIN No. YV1GX8748G1015250, 765 F. Supp. 90, 91 (S.D.N.Y. 1991) (citing Mercado v. United States Customs Serv., 873 F.2d 641, 644 (2d Cir. 1989)). The "colorable interest" necessary to maintain a claim in a forfeiture action must be a colorable ownership or possessory interest. See United States v. $81,000 in United States Currency, 189 F.3d 28, 35 (1st Cir. 1999) (citations omitted); United States v. Contents of Accounts Nos. 3034504504 & 144-07143 at Merrill, Lynch, Pierce, Fenner & Smith, Inc., 971 F.2d 974, 985 (3d Cir. 1992).

Gurney has asserted neither an ownership nor a possessory interest in the Defendant Property. Indeed, Gurney admits, in

6

attaching the Deed by which she transferred the Defendant Property to Whittaker, that she has <u>no ownership interest</u> in the Defendant Property.  Instead, her only alleged "right or interest" in the Defendant Property is by virtue of a clause contained in the Deed.  <u>See</u> Claim ¶¶ 11-14.

The definition of ownership interests in federal civil forfeiture actions is governed by state law.  <u>See</u> <u>One-Sixth Share</u>, 326 F.3d at 45 (citing <u>$81,000</u>, 189 F.3d at 33).  The clause of the Deed on which Gurney's Claim relies constitutes a "right of first refusal" under Massachusetts law.  <u>See</u> <u>Roy v. George W. Greene, Inc.</u>, 533 N.E.2d 1323, 1325 (Mass. 1989).  A right of first refusal is a personal contractual obligation between the parties to the contract.  <u>In re: Fleishman & Ottinger, Debtors</u>, 138 B.R. 641, 643 (Bankr. D. Mass. 1992); <u>McDonald's Corp. v. Lebow Realty Trust</u>, 888 F.2d 912 (1st Cir. 1989) (applying Massachusetts contract law in analysis of right of first refusal and option to purchase provisions in lease). The inclusion of a right of first refusal in a deed does not elevate the right to a property interest – the right remains a mere contract.  <u>In re A.J. Lane & Co.</u>, 107 B.R. 435, 437 (Bankr. D. Mass. 1989) (repurchase option contained in deed was contract right, not protectable property interest).

The contractual right of first refusal in Massachusetts is simply a "right to choose between purchasing and not purchasing

the premises if the owner elects to sell them." Roy, 533 N.E.2d at 1325. The "right" cannot be exercised <u>until</u>, and therefore arises only <u>after</u>, the owner has received an enforceable offer to buy the property. Id.; see also Claim Ex. A ("<u>In the event the grantee, her heirs or assigns, shall desire to sell the premises</u> prior to January 1, 2044,[4] to a bona fide purchaser, she agrees . . .") (emphasis added). Accordingly, Massachusetts courts have held that, when an owner receives an enforceable offer to purchase property, a "right of first refusal ripens into an <u>option</u> to purchase" the property according to its terms. Greenfield Country Estates Tenants Ass'n v. Deep, 666 N.E.2d 988, 993 (Mass. 1996) (emphasis added); see also Uno Rests., Inc. v. Boston Kenmore Realty Corp., 805 N.E.2d 957, 962 (Mass. 2004) (right of first refusal is not an option to purchase property at a certain price, but merely "a limitation on the owner's ability to dispose of property").

Because the owner of the Defendant Property (Whittaker) has not received an enforceable offer to buy the property, Gurney's right of first refusal has not arisen. See Roy, 533 N.E.2d at

---

[4] The government notes that, under Massachusetts law, "a right of first refusal in gross with respect to an interest in land or minerals becomes invalid if its is not exercised within thirty years after its creation." MASS. GEN. LAWS. ch. 184A, § 5(A)(2004). The Deed was recorded on June 27, 1983. Accordingly, the right of first refusal contained therein becomes invalid if not exercised before June 27, 2013, as opposed to the Deed's stated term of January 1, 2044.

1325; Claim Ex. A. Regardless, even if Gurney's right of first refusal had arisen, it would constitute only an option to purchase the Defendant Property – an option that "remains inchoate unless and until exercised and effectuated" by Gurney. United States v. BCCI Holdings (Luxembourg) S.A. (Petitions of People's Republic of Bangladesh & Bangladesh Bank), 977 F. Supp. 1 (D.D.C. 1997) (summary judgment in favor of U.S. because claimant in criminal forfeiture proceeding, as holder of option to buy defendant's property, has no legal right, title or interest in property under 18 U.S.C. § 1963(l)(6)(A)).

Gurney's contract right does not constitute an interest in the Defendant Property sufficient to challenge this forfeiture action. United States v. One 1995 Chevrolet Impala SS, 2001 WL 1631438 (D. Minn. June 28, 2001) (where mortgage holder failed to register mortgage pursuant to Minnesota law, it had contract with property owner but no legal interest in property sufficient to challenge forfeiture), overruled by United States v. Premises Known as 7725 Unity Ave. North, Brooklyn Park, Minn., 294 F.3d 954 (8th Cir. 2002) (upon registration of mortgage, mortgage holder obtained legal interest in property sufficient to challenge forfeiture, although its interest was junior to United States'). That Gurney's contractual "right of first refusal" is not a property interest is highlighted by the fact that, in the event of forfeiture, the "right of first refusal" in the Deed

would not be enforceable against the United States or any successor in interest.  In re: Fleishman, 138 B.R. at 643.  In Fleishman, the debtors purchased property subject to a right of first refusal held by a property association.  Id. at 642.  The debtors filed bankruptcy petitions and the property was sold at a public auction.  After the sale, the property association assigned its right of first refusal, and the assignees notified the trustee of their intent to exercise their right.  Id. at 642-43.  The Bankruptcy Court, Goodman, J., granted the trustee's motion to allow the transfer of the property free and clear of the assignee's right.  In doing so, the Court determined that a "right of first refusal" is a personal contractual obligation between the parties to the contract, as opposed to a covenant that runs with the land.  Id. at 644; see also Johnson v. Cohan, 11 Mass.L.Rptr. 421, (Mass. Super. 2000) (right of first refusal does not run with the land); Clarke v. Caldwell, 521 N.Y.S.2d 851 (N.Y. App. Div. 1987) (under similar New York law, rights of first refusal do not run with the land).

It is well established that Gurney bears the burden of pleading standing to challenge this forfeiture action at the outset of the case.  The only interest Gurney has alleged is the right of first refusal in the Deed.  Because Gurney's right of first refusal does not constitute a property interest under Massachusetts law, Gurney has not alleged – and cannot allege – a

colorable ownership or possessory interest in the Defendant Property, and therefore her Claim must be dismissed.

## **CONCLUSION**

For the reasons set forth herein, the Court should grant the Government's motion for judgment on the pleadings.

                Respectfully submitted,
                MICHAEL J. SULLIVAN
                United States Attorney

By: /s/Kristina E. Barclay
    KRISTINA E. BARCLAY
    Assistant U.S. Attorney
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    (617) 748-3100

Dated: July 8, 2004