UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, )<br>)<br>)<br>) | Civil Action No. 03-1243RWZ |
| )<br>9A MASON ROAD, also known as )<br>15 MASON ROAD, EAST FREETOWN, )<br>MASSACHUSETTS, )<br>Defendant. )<br>) | |
| )<br>KATHLEEN WHITTAKER, )<br>BEVERLY GURNEY, and )<br>SCOTT PORTEOUS, )<br>Claimants )<br>) | |

## CLAIMANT BEVERLY GURNEY'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

### BACKGROUND

The Claimant, Beverly Gurney, submits this Memorandum of Law in response and opposition to the Plaintiff's Motion for Judgment on the Pleadings filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Plaintiff argues that the Claimant does not have standing to contest the forfeiture proceedings it has instituted against the Defendant in the above-captioned matter.

The Plaintiff is seeking to forfeit a parcel of land (the Property) adjacent to property owned by the Claimant. The Claimant herself is not subject to any criminal or forfeiture proceedings, but for the reasons stated below has a stake in the action against the property.

-2-

## ARGUMENT

In its Motion for Judgment on the Pleadings, the Plaintiff argues that the Claimant does not have standing to contest the forfeiture because she does not have a "colorable interest in the property, redressable, at least in part, by a return of the property." United States v. 7725 Unity Ae., 294 F.3d 954, 957 (8th Cir. 2002). As the Plaintiff points out, a "colorable interest" must be a colorable ownership or possessory interest. United States v. $81,000 in United States Currency, 189 F.3d 28, 35 (1st Cir. 1999).

In support of its Motion, the Plaintiff quotes language in the deed referring to the Defendant's right of first refusal. (This language was also the basis for the Claimant's Verified Claim of Interest or Right in Property, which was filed by her previous counsel.) According to the Plaintiff, this is merely a contractual right, as defined by Massachusetts law, and not a "colorable" ownership interest that would confer standing on the Claimant to intervene in the forfeiture action.

There is, however, an additional provision in the deed that states:

> RESERVING unto the grantors, their heirs and assigns, the right to use that portion of the property shown as a forty-foot wide strip on said plan for all purposes for which ways and streets and normally used in the Town of Freetown.[1]

Under Massachusetts law (which, as the Plaintiff points out, governs the definition of an ownership interest in land as it applies in forfeiture actions), this language constitutes an

---

[1] See attached map.

-3-

equitable restriction, which is defined as "...a right to compel the person entitled to possession not to use it in specified ways..."[2] Myers v. Salin, 13 Mass.App.Ct. 127, 134 (1982), quoting Labounty v. Vivkers, 352 Mass. 337, 347-8 (1967).

For an equitable restriction to be enforceable against subsequent grantees (and therefore not a mere contractual right between identifiable parties), it must meet the following requirements: 1.) it must be created in a written instrument, Sprague v. Kimball, 213 Mass. 380, 383 (1913); 2.) the parties must have intended that the restriction affecting the use of land be enforceable against subsequent grantees of the land by subsequent grantees of adjoining parcels of land, Lowell Institute for Savings v. City of Lowell, 153 Mass. 530, 533 (1891); 3.) there must be a dominant and a servient estate, i.e., one parcel of land must be burdened with a restriction so as to benefit another parcel of land, Snow v. Van Dam, 291 Mass. 477, 480 (1935); 4.) the restriction must "touch and concern" the land, Boston and Maine Railroad Corp. v. Construction Machinery Corp., 346 Mass. 513, 518 (1963); and 5.) a subsequent owner of the burdened land must have had notice of the restriction, actual or constructive by virtue of its having been recorded in a prior conveyance in the chain of title, Whitney v. Union Railway Co., 77 Mass. 359, 363 (1858).

---

[2] In this case, the restriction on the burdened property bars any grantee from using the forty-foot wide strip of land for any use inconsistent with the manner in which "ways and streets and normally used in the Town of Freetown."

-4-

In this case the requirements are met. The restriction was created in the deed, a "written instrument." The language of the restriction reveals a plain intention that it was to be enforceable against subsequent grantees. The deed specifically mentions that the right to enforce the restriction will be available to the "heirs and assigns" of the grantors, and describes this right as enforceable against the "property," i.e., not against a specific owner. The Property the Plaintiff seeks to forfeit is the servient estate in that the dominant estate can use the forty-foot wide strip of land to build a road, should it so choose. This restriction benefits the Claimant's property by granting its owner some measure of control over access to the servient estate, which necessarily affects the Claimant's property.

This last point also satisfies the requirement that the restriction "touch and concern" the land. As the Court noted in In re Fleishman, 138 B.R. 641 (1992), the Supreme Judicial Court in Bronson v. Coffin, 108 Mass. 183, 184 (1849) described a covenant (or restriction) that touches and concerns the land as follows:

> ...it has a direct and immediate reference to the land; it related to the mode of occupying and enjoying the land; it is beneficial to the owner as owner; and to no other person; it is in truth inherent in and attached to the land, and necessarily goes with the land into the hands of the heir or assignee.

-5-

Again, the restriction is designed to ensure that the dominant estate have some measure of control over access to the Property, or the servient estate. There are no means of access to the servient estate other than through the dominant estate, thus the restriction is "related to the mode of occupying and enjoying the land," and is beneficial to no one other than the owner of the dominant estate. Id.

Given the foregoing, the restriction in the deed clearly runs with the land. It is not a contractual right personal to the grantor and grantee. It constitutes a possessory interest in the Property under Massachusetts law. The interest belongs to anyone who might possess the Claimaint's land, and it entitles the Claimant to participate in the forfeiture proceedings. Federal law determines whether the possessory interest is sufficient to confer standing, and requires that a litigant allege a "distinct and palpable injury to himself." Warth v. Sedin, 422 U.S. 490 (1975).  In this case, forfeiture of the property will subject the Claimant to the possible loss of her right to control access to the property, which in turn would affect the use of her own property.

The standing inquiry is also informed by "whether the interest sought to be protected…is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." Association of Data Processing Serv. Orgs., Inc. v. Camp, 397 U.S. 150, 153 (1970). In United States v. $81,000 in United States Currency, *supra*, the Court drew a parallel between standing in forfeiture cases and the innocent owner provision of the forfeiture statute, and observed that the legislative

-6-

history of forfeiture law "indicates that a rather expansive 'zone of interests' is protected by the innocent owner provision." The Court then observed that the "Congressional record indicates that Congress intended this provision to be 'broadly interpreted to include any person with a recognizable legal or equitable interest in the property seized.'" Id., at 34.

Here the Claimant holds an equitable restriction on the property that is explicitly described in the deed. As such, she has alleged an ownership interest in the property and has provided evidence of that interest, which together are sufficient to establish standing to contest the forfeiture. Id., at 35, citing United States v. $38,570 U.S. Currency, 950 F.2d 1108, 1113 (5th Cir. 1992).

## CONCLUSION

For the reasons stated above, the Claimant requests that the Court deny the Plaintiff's Motion for Judgment on the Pleadings.

-7-

Respectfully submitted,
FOR THE CLAIMANT,

Barry P. Wilson
BBO# 529680
LAW OFFICES OF BARRY P. WILSON
240 Commercial Street
Suite 5A
Boston, Massachusetts 02901
(617) 248-8979
(617) 523-8700 (Fax)

Dated:

BOOK 1447 PAGE 37

Thence, North 04°44'05" East by other land of the grantors, 253.97 feet;

Thence, North 59°44'37" West by other land of the grantors, 241.10 feet;

Thence, North 40°13'31" West by other land of the grantors, 473.57 feet;

Thence, North 50°00' West by other land of the grantors, 140 feet, more or less, to a corner of the property herein conveyed at the shore and waters of Long Pond.

Thence, northerly, northeasterly and southerly by the shore and waters of Long Pond to the end of the first described line.

Said land is also shown on a plan of land made by Brant S. Haworth Assoc. Civil Engineers and Land Surveyors, dated August 2, 1982, and entitled "Plan of Land in East Freetown, MA drawn for Merton Gerney" to be recorded herewith.

Subject to an easement to the Algonquin Gas Co. as shown on said plan.

RESERVING unto the grantors, their heirs and assigns, the right to use that portion of the property shown as a forty-foot wide strip on said plan for all purposes for which ways and streets are normally used in the Town of Freetown.

In the event that the grantee, her heirs or assigns, shall desire to sell said premises prior to January 1, 2044, to a bona fide purchaser, she agrees for herself, her heirs and assigns, that she will first notify the grantors, XXXXXXXXXXXXXXXXXXXXXXXXXXXXX, in writing of the name and address of such prospective purchaser and the terms of the proposed sale, and offer the said premises to said grantors, XXXXXX XXXXXXXXXXXXXXXXXXXXXXX, upon the same terms. The grantors shall have ten days from the receipt of such written notice in which to accept or reject such offer; and in case of rejection, they shall execute and deliver a statement, in form suitable for recording, stating that such notice and offer was received and that such offer was rejected. This restriction shall not be interpreted to restrict the grantee, or her heirs and assigns, from negotiating any bona fide mortgage or restricting the foreclosure and the sale thereof by such bonda fide mortgagee. Said restriction shall expire January 1, 2044.



EXHIBIT B

A Plan of Land
in
Freetown, Ma.
drawn for
Merton Gurney

AUGUST 2, 1982

SCALE: 1"=100'