UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,       )
            Plaintiff,          )
                                )
      v.                        ) Civil Action No. 03-12432RWZ
                                )
9A MASON ROAD, also known as    )
15 MASON ROAD, EAST FREETOWN,   )
MASSACHUSETTS,                  )
            Defendant.          )
_____)
KATHLEEN WHITTAKER, and         )
BEVERLY GURNEY,                 )
            Claimants.          )
```

**GOVERNMENT'S <u>REPLY</u> MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR JUDGMENT
ON THE PLEADINGS AS TO BEVERLY GURNEY'S
<u>VERIFIED CLAIM OF INTEREST OR RIGHT IN PROPERTY</u>**

In her Opposition to Plaintiff's Motion for Judgment on the Pleadings (the "Opposition"), Claimant Beverly Gurney ("Gurney") tacitly admits that this Court must grant the Government's motion for judgment on the pleadings as to Gurney's Verified Claim of Interest or Right in Property (the "Claim"). Gurney <u>does</u> <u>not</u> <u>dispute</u> that she has no standing to maintain her Claim, which is based on her right of first refusal contained in the deed transferring the Defendant Property to Kathleen Whittaker (the "Deed"). Instead, Gurney identifies a provision of the Deed which did <u>not</u> form the basis of her Claim, and argues that this provision, which constitutes an easement under Massachusetts law, provides her with Article III standing to maintain her Claim. As

set forth below, because Gurney did not identify the easement as a basis for her Claim, has not filed a motion to amend her Claim, and has not demonstrated a valid reason for her failure to so move, the Court should grant the Government's Motion for Judgment on the Pleadings as to Gurney's Claim (the "Motion").  Even if the Court were to consider the easement as a basis for Gurney's Claim, judgment in the Government's favor is still warranted because, as set forth below, an easement does not constitute a colorable ownership or possessory interest in the Defendant Property sufficient to confer on Gurney standing to challenge this action.

**I.   Gurney Has Not Moved To Amend Her Claim And Has Shown No Valid Reason For Failing To So Move.**

Gurney's Claim rests on the right of first refusal contained in the Deed.  Claim ¶¶ 12-13.  Gurney has never moved to amend her Claim.  Accordingly, the Court should not consider Gurney's easement as a basis for her Claim.

Further, the Court should not grant Gurney the opportunity to amend her Claim at this stage of the proceedings.  Gurney filed her claim on March 5, 2004 and did not raise the easement with the Court until August 6, 2004.[1]  Gurney simply has not

---

[1] There is reference in the Opposition to the fact that Gurney's Claim was filed by her previous counsel.  Yet Gurney's present counsel filed a Notice of Appearance in this case on June 7, 2004 – almost two months before her Opposition was filed.

shown any valid reason for her failure to amend her Claim. <u>Acosta-Mestre v. Hilton Int'l of Puerto Rico</u>, 156 F.3d 49, 51 (1st Cir. 1998); <u>Lakeside Builders, Inc. v. Planning Board of the Town of Franklin</u>, 2002 WL 31655250 (D. Mass. 2002).

In <u>Lakeside Builders</u>, the defendants moved for judgment on the pleadings and the plaintiffs opposed the motion. At argument, the plaintiffs suggested that if the Court deemed the complaint insufficient, they should be given leave to file an amended complaint. 2002 WL 31655250, *4. The Court denied the plaintiffs leave to amend the complaint, stating:

> The plaintiffs have had ample notice of the defendants' motion for judgment on the pleadings, and consequently have had ample time to address the insufficiencies of the complaint's factual allegations and to offer an amended complaint. But rather than seeking to amend their complaint, they have instead elected to stand upon it. There is no unfairness in denying them leave to replead at this point.

<u>Id.</u> Like the plaintiffs in <u>Lakeside Builders</u>, Gurney has had ample notice of the Government's Motion. The Motion was filed on July 8, 2004, after conferences with Gurney's new counsel regarding the substance of the Motion on June 2 and 23, 2004. <u>See</u> Motion at 2, Local Rule 7.1 (A)(2) Certification. Gurney twice requested an extension of time in which to oppose the Motion, and filed the Opposition on August 6, 2004. Consequently, Gurney had at least four weeks – if not two months – to address the insufficiencies of her Claim by offering an

amended pleading.  Instead, Gurney has elected to stand on her Claim.  Accordingly, the Court should deny any request by Gurney for leave to amend her Claim.  Because Gurney has offered no other argument in opposition to the Government's Motion, the Court should grant the Government's Motion.

**II. Even If The Easement Had Been A Basis For Gurney's Claim, She Still Would Not Have <u>Standing To Challenge This Forfeiture Action.</u>**

As set forth above, Gurney has not requested leave to amend her Claim to add the easement as a basis for standing, and any such future request should be denied.  However, even if Gurney had plead the easement as a basis for her Claim, she still would not have standing to challenge this action.

Gurney bases her Opposition on the following provision of the Deed:

> RESERVING unto the grantors, their heirs and assigns, <u>the right to use</u> that portion of the property shown as a forty-foot wide strip on said plan for all purposes for which ways and streets are normally used in the Town of Freetown.

Claim, Ex. A (emphasis added).  Contrary to Gurney's assertions, this provision constitutes neither an "equitable restriction" nor an "ownership interest" under Massachusetts state law.  <u>See</u> Opposition at 3, 6, and n.2.  Rather, the provision is an affirmative easement, which entitles the holder to <u>use</u> property owned by another (the "servient" property) a certain manner.  <u>Commercial Wharf East Condominium Assoc. v. Waterfront Parking</u>

4

Corp., 407 Mass. 123, 133 (1990) (an easement is "an interest in land which grants to one person the right to use or enjoy land owned by another")(internal quotations and citations omitted); compare Labounty v. Vickers, 352 Mass. 337, 340 (1967) (a "restriction on the use of land," which may take the form of a negative easement, an equitable servitude, or a covenant running with the land, constitutes a "right to compel the person entitled to possession of the land not to use it in specified ways.").[2]

An easement is not an ownership interest in the servient property. Commercial Wharf, 407 Mass. at 128-29 (describing an easement as a "nonownership interest" in land). Further, an easement does not constitute a possessory interest in land. 28 Arthur L. Eno, Jr. and William V. Hovey, Massachusetts Practice Series § 8.1 (3rd ed. Supp. 2001) (quoting Restatement (First) of Property: Servitudes § 450 (1944)). Indeed, the owner of an easement "is not entitled to the protection which is given to

---

[2] Gurney's assertion that the New Provision is an "equitable restriction" that grants her "some measure of control over access to the servient estate [i.e., the Defendant Property], which necessarily affects the Claimant's property," is a misrepresentation of the very language of the New Provision, which grants her only the right to use the strip of land as set forth in the Deed. Claim, Ex. A. Similarly misleading is her assertion that the New Provision is a "restriction on the [Defendant Property]" which "bars any grantee from using the forty-foot wide strip of land for any use inconsistent with the manner in which 'ways and streets and [sic] normally used in the Town of Freetown.'" Opposition at n.2.

those having possessory interests." Restatement (First) of Property: Servitudes § 450 cmt. b (1944); <u>see also</u> Restatement (Third) of Property: Servitudes § 1.2 cmt. d (2000) (comparing rights of possessor and rights of easement holder). Accordingly, Gurney's easement does not constitute a "colorable interest" in the Defendant Property necessary to maintain a claim in this forfeiture action. <u>See</u> <u>United States v. $81,000 in United States Currency</u>, 189 F.3d 28, 35 (1st Cir. 1999) (interest must be a colorable ownership or possessory interest); <u>United States v. Contents of Accounts Nos. 3034504504 & 144-07143 at Merrill, Lynch, Pierce, Fenner & Smith, Inc.</u>, 971 F.2d 974, 985 (3d Cir. 1992).

## CONCLUSION

For the reasons set forth herein, the Court should grant the Government's motion for judgment on the pleadings.

Respectfully submitted,<br>
MICHAEL J. SULLIVAN<br>
United States Attorney<br>
<br>
By: /s/Kristina E. Barclay<br>
KRISTINA E. BARCLAY<br>
Assistant U.S. Attorney<br>
1 Courthouse Way, Suite 9200<br>
Boston, MA 02210<br>
(617) 748-3100

Dated: August 13, 2004