UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 03-12432-RWZ |
| | ) |
| 9A MASON ROAD, also known as | ) |
| 15 MASON ROAD, EAST FREETOWN, | ) |
| MASSACHUSETTS, | ) |
|     Defendant. | ) |
| | ) |
| KATHLEEN WHITTAKER, and | ) |
| BEVERLY GURNEY, | ) |
|     Claimants. | ) |

**UNITED STATES' MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully submits this Memorandum of Law in support of its Motion for Partial Summary Judgment in the above-captioned matter. As set forth below, because the United States has sustained its burden to show that 9A Mason Road, also known as 15 Mason Road, East Freetown, Massachusetts (the "Defendant Property"), was used, or intended to be used, to facilitate the commission of narcotics violations, it is entitled a finding that

1

the Defendant Property is forfeitable.[1]

## PRIOR PROCEEDINGS

The United States incorporates by reference its Statement of Undisputed Material Facts Pursuant to Local Rule 56.1, filed herewith (the "56.1 Statement"). Fed.R.Civ.P. 10(c).

The United States filed its Complaint for Forfeiture In Rem (the "Complaint") against the Defendant Property on December 4, 2003, on the grounds that the Defendant Property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7) as "real property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841, 846, and/or 856." 56.1 Statement ¶¶ 1, 3. On December 31, 2003, this Court found probable cause for forfeiture of the Defendant Property and issued the forfeiture Warrant and Monition, directing the United States Marshals Service to publish and serve the notice of forfeiture. Id. ¶ 4.

On March 5, 2004, Kathleen Whittaker and Beverly Gurney filed verified claims in this action, and Scott Porteous filed a verified claim on March 9, 2004. Id. ¶¶ 5, 7, 9. On March 25, 2004, all three claimants filed answers to the Complaint. Id. ¶¶

---

[1] At this time, the United States does not move for summary judgment on Claimant Kathleen Whittaker's innocent owner or Eighth Amendment affirmative defenses. Claimant Beverly Gurney has not asserted any affirmative defenses in this action.

6, 8, 10. On June 18, 2004, this Court granted the United States' Motion for Judgment on the Pleadings as to Scott Porteous' Notice of Claim and entered a Judgment of Forfeiture against Porteous. Id. ¶ 11.

## FACTS

On August 12, 2003, Chief Warrant Officer David Picard of the Massachusetts National Guard ("CWO Picard") flew a helicopter transit mission from Otis Air National Guard Base in Catuamet, Massachusetts ("Otis") to Westover Air Reserve Base in Chicopee, Massachusetts ("Westover"). 56.1 Statement ¶ 12. During the August 12, 2003 transit flight from Otis to Westover, CWO Picard spotted what he believed were marijuana plants growing on the ground below the helicopter he was flying. Id. ¶ 13. After spotting the suspected marijuana plants, CWO Picard flew over the area a second time, and spotted an individual pulling a cover over the suspected marijuana grow. Id. ¶ 14.

CWO Picard plotted the coordinates of the location where he spotted the plants and contacted the Freetown Police Department regarding the suspected marijuana grow. Id. ¶¶ 15, 16. On September 16, 2003, CWO Picard, accompanied by Freetown Police Detective-Sergeant Michael J. Byrnes, flew a helicopter over the location where CWO Picard had spotted marijuana plants growing on August 12, 2003. Id. ¶¶ 17, 18. During the September 16, 2003

flight, CWO Picard and Detective-Sergeant Byrnes spotted marijuana plants growing in the same location where CWO Picard had spotted marijuana plants growing on August 12, 2003. Id. ¶ 19. CWO Picard and Detective-Sergeant Byrnes also spotted an individual pulling a cover over the suspected marijuana grow. Id. ¶ 20.

On September 17, 2003, Detective-Sergeant Byrnes and other law enforcement officers executed a state search warrant at the Defendant Property. Id. ¶ 21. During the execution of the search warrant, law enforcement officers seized a number of plants and loose leaves from the Defendant Property, which were later analyzed and certified to contain marijuana. Id. ¶¶ 22, 26, 29. The seized plants had been growing inside a greenhouse and under a white tarp attached to a fence which was attached to the cement foundation located on the Defendant Property. Id. ¶ 23. Sixty-two separate marijuana plants were identified, and the total weight of those plants, including stalks and root systems, was fifty-four pounds. Id. ¶¶ 27, 28. The total weight of the loose marijuana leaves was ten pounds. Id. ¶ 30.

During the September 17, 2003 search, Scott Porteous, who has lived on the Defendant Property since 1974, said that he knew why law enforcement officers were at the Defendant Property, and he directed the officers to areas on the Defendant Property where

4

marijuana was seized. Id. ¶¶ 24, 33. While watching the search, Porteous asked a law enforcement officer "which helicopter were you guys in?" and said "I should have picked this stuff three days ago." Id. ¶ 25.

Porteous was charged with two counts of possession with the intent to distribute a Class D substance, marijuana. Id. ¶ 31. On September 17, 2004, Porteous pled guilty to one count of possession with the intent to distribute a Class D substance, marijuana. Id. ¶ 32.

## ARGUMENT

**A.    Summary Judgment Standard.**

Summary judgment is appropriate in civil forfeiture cases where, as here, "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Gaskell v. Harvard Cooperative Society, 3 F.3d 495, 497 (1st Cir. 1993); United States v. One Parcel of Real Property, 900 F.2d 470, 473 (1st Cir. 1990) (affirming grant of summary judgment in civil forfeiture action where there were no genuine issues of material fact). When a party moving for summary judgment demonstrates that there is an absence of evidence to support the nonmoving party's position, "the burden shifts to the nonmoving party to establish the existence of an issue of fact that could affect the

outcome of the litigation and from which a reasonable jury could find for the opponent." Rogers v. Fair, 902 F.2d 140, 143 (1st Cir. 1990).

Under Fed. R. Civ. P. 56(d), partial summary judgment is appropriate where there are certain undisputed material facts, while other facts are actually and in good faith controverted. In such a case, the Court "shall thereupon make an order specifying the facts that appear without substantial controversy", and at trial, "the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

### B. **Burden Of Proof.**

The government asserts that the Defendant Property is forfeitable under 21 U.S.C. § 881(a)(7), which provides that the following shall be subject to forfeiture to the United States:

> All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment.

To prevail in a forfeiture action under Section 881(a), the United States must establish, by a preponderance of the evidence, that the Defendant Property is subject to forfeiture. 18 U.S.C. § 983(c)(1).

Where, as here, the government's theory of forfeiture is that the Defendant Property was used to facilitate a crime, the government must establish a "substantial connection" between the Defendant Property and the offense. 18 U.S.C. § 983(c)(3); One Parcel of Real Property, 900 F.2d at 474. The "substantial connection" test requires only that the property was used, or intended to be used, to commit a crime, or must facilitate the commission of a crime. United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990).[2] Real property may be forfeited if it had "more than 'an incidental or fortuitous connection'" to criminal activity. United States v. One Lot of U.S. Currency ($36,634), 103 F.3d 1048, 1055 (1st Cir. 1997) (quoting United States v. 1933 Commonwealth Avenue, Newton, Massachusetts, 913 F.2d 1, 3 (1st Cir. 1990)). See also Schifferli, 895 F.2d at 990.

While CAFRA changed the United States' burden of proof

---

[2] Section 983(c)(3) was enacted as part of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202 (2000). Yet even prior to CAFRA, most courts, including the First Circuit, applied the "substantial connection" test to forfeitures of facilitating property. See, e.g., One Parcel of Real Property, 900 F.2d at 474; United States v. One 1986 Ford Pickup, 56 F.3d 1181 (9th Cir. 1995); United States v. Borromeo, 995 F.2d 23 (4th Cir. 1993); United States v. Real Property and Residence at 3097 S.W. 111th Avenue, 921 F.2d 1551 (11th Cir. 1991); United States v. Twelve Thousand Five Hundred and Eighty Five Dollars, 869 F.2d 1093 (8th Cir. 1989).

regarding forfeitability from probable cause to preponderance of the evidence, CAFRA in no way precludes the grant of summary judgment in civil forfeiture proceedings. <u>See</u> House Passage of H.R. 1658, Floor Statements, 146 Cong. Rec. H2040-01, 2000 WL 368969 (Cong. Rec.), Proceedings and Debates of the 106th Congress, Second Session, Tuesday, April 11, 2000 ("This bill is not intended to limit the right of either party to bring a motion for summary judgment after the filing of the complaint pursuant to Fed. R. Civ. P. 56(a) or 56(b)."). Indeed, in a case such as this one – where a long-time resident has admitted growing marijuana on the Defendant Property – summary judgment clearly is appropriate under any burden of proof.

**C. The Evidence Establishes That The Defendant Property Is Forfeitable.**

In this case, the indisputable evidence establishes a substantial connection between the Defendant Property and the illegal conduct committed by long-time resident Scott Porteous. As noted above, 21 U.S.C. § 881(a)(7) requires forfeiture of any real property used to commit or facilitate the commission of a felony violation of Title 21. 21 U.S.C. § 841(a)(1) provides, in pertinent part, that "it shall be unlawful for any person knowingly or intentionally - (1) to manufacture . . . a controlled substance. . . ." As used in the statute, "manufacture" includes "production," and "production" includes

8

the "planting, cultivation, growing, or harvesting of a controlled substance." 21 U.S.C. §§ 802(15) and 802(22). Section 841(b)(1)(C) is the applicable penalty section and prescribes a penalty of up to twenty years if the violation involves fifty to one hundred marijuana plants. 21 U.S.C. § 841(b)(1)(C).

Not only did Porteous make incriminating statements to law enforcement officers during the execution of the search warrant at the Defendant Property on September 17, 2003, he pleaded guilty in state court to possession with the intent to distribute marijuana.[3] Porteous' guilty plea is supported by the in-flight observations of Detective-Sergeant Byrnes and CWO Picard, as well as the seizure of over sixty marijuana plants found growing on the Defendant Property on September 17, 2003. The Defendant Property was not incidental to the illegal conduct. It was indispensable to it. <u>United States v. 121 West Shore Drive, Exeter, Rhode Island</u>, 974 F.2d 1329 (1st Cir. 1992) (evidence showing actual use of property to cultivate marijuana and to

---

[3] In determining whether property is forfeitable, the government is entitled to rely on evidence gathered after the complaint was filed. 18 U.S.C. § 983(c)(2) ("the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture").

store drugs for later intended distribution sufficient to establish substantial connection); United States v. Plat 20, Lot 17, Great Harbor Neck, New Shoreham, Rhode Island, 960 F.2d 200, 205 (1st Cir. 1992) (proof of cultivation of marijuana on property, even if only for personal use, is sufficient to establish forfeitability of property); United States v. 40 Moon Hill Road, Northbridge, Massachusetts, 721 F.Supp. 1 (D. Mass. 1988), aff'd 884 F.2d 41 (1st Cir. 1989)(evidence of marijuana plants and processing equipment more than sufficient to establish substantial connection); United States v. Desmarais, 938 F.2d 347 (1st Cir. 1991) (*either* evidence that express mail package containing marijuana was addressed to Defendant Property *or* discovery of controlled substances at Defendant Property would have been enough to establish substantial connection).

Even if Porteous were to deny at trial that he grew marijuana on the Defendant Property, such testimony would not be credible in light of his statements during the execution of the search warrant and his guilty plea in state court.[4] Moreover, there is sufficient evidence independent of Porteous' statements and guilty plea to establish forfeitability, including the

---

[4] At his June 2, 2004 deposition, Porteous refused to answer any questions about growing, selling or using marijuana, invoking his Fifth Amendment right not to incriminate himself. See 56.1 Statement ¶ 34.

10

discovery of sixty-two marijuana plants growing on the Defendant Property.

Finally, the only issue raised in this Motion is whether the Defendant Property is forfeitable to the United States under 21 U.S.C. § 881(a)(7); at this time, the United States does not move for summary judgment on Kathleen Whittaker's innocent owner or Eighth Amendment affirmative defenses.  Accordingly, Whittaker cannot defeat this Motion by claiming innocence or excessiveness.[5]  As set forth above, there can be no dispute that Porteous cultivated marijuana on the Defendant Property in violation of 21 U.S.C. § 841(a).

## CONCLUSION

The indisputable evidence shows that the Defendant Property was used to commit and facilitate a felony violation of Title 21 which carries a sentence of up to twenty years imprisonment.  The government has met the substantial connection test by showing that the marijuana was growing in a greenhouse and behind a foundation on the Defendant Property.  A more straightforward case of forfeiture is hard to imagine.

---

[5] At trial, Whittaker would bear the burden of proving by a preponderance of the evidence that she is an innocent owner.  18 U.S.C. § 983(d)(1).  After trial, Whittaker would bear the burden of proving by a preponderance of the evidence that forfeiture of the entire Defendant Property is constitutionally excessive.  18 U.S.C. § 983(g)(3).

WHEREFORE, it is respectfully submitted that there are no material facts in dispute and that the United States is entitled to summary judgment.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Kristina E. Barclay
KRISTINA E. BARCLAY
Assistant U.S. Attorney
United States Courthouse
One Courthouse Way
Suite 9200
Boston, Massachusetts 02210
(617)748-3100

Dated: November 2, 2004

12