1

1 - 11

COMMONWEALTH OF MASSACHUSETTS

DISTRICT COURTS OF MASSACHUSETTS

BRISTOL, SS.                                FALL RIVER DISTRICT COURT

COMMONWEALTH OF MASSACHUSETTS, )
            Plaintiff,         )
                               )
    V.                         ) Docket No.
                               ) 2003-6798
SCOTT PORTEOUS,                )
            Defendant.         )

September 17, 2004

Fall River, Massachusetts

BEFORE:  HON. *, Presiding Justice
         The Trial Court of the Commonwealth

APPEARANCES:

For the Commonwealth:

    TANYA DISILVA, ESQ.
    Assistant District Attorney
    Bristol County District Attorney's Office

For the Defendant:

    ROBERT XIFARAS, ESQ.

**ORIGINAL**

*APEX Reporting*
(617) 426-3077

P R O C E E D I N G S

1
2
3    THE CLERK:  Scott Porteous.  (Unintelligible).
4    MR. XIFARAS:  That's in (unintelligible) agreed
5  upon tender for the court to consider.  (Unintelligible)
6  Tanya DiSilva that we're --
7    THE CLERK:  Does anyone have the green sheet?
8    MR. XIFARAS:  I gave it to her.
9    THE COURT:  Where is Ms. DiSilva?
10   MR. XIFARAS:  She has stepped out momentarily.
11 She'll be right back.
12   THE COURT:  Well --
13   MR. XIFARAS:  With the green sheet record, she has
14 the record.
15   (Pause.)
16   (Another case called.)
17   THE CLERK:  Scott Porteous.  Raise your right hand
18 please, sir.
19         SCOTT PORTEOUS, Sworn.
20   THE COURT:  What is your name, sir?
21   MR. PORTEOUS:  Scott Porteous.
22   THE COURT:  Have you had any drugs or alcohol in
23 the last twenty-four hours?
24   MR. PORTEOUS:  No.
25   THE COURT:  All right, you listen to the district

1  attorney, we'll hear the report here first, sir.
2          MS. DISILVA: Thank you, your Honor. This is an
3  extremely long and intricate fact pattern. Essentially what
4  happens is there is an investigation where several officers
5  are involved, they fly over the defendant, Scott Porteous'
6  property. As a result of flying -- with helicopters -- as a
7  result of flying over, they see that it appears that this
8  defendant is cultivating Class D substances on his property.
9          As a result of that, they execute a search
10 warrant, and on September 17th, officers from the Freetown
11 Police Department go onto that property. When they go onto
12 the property, essentially they find the defendant on that
13 property and they do in fact find several -- find that the
14 defendant's cultivating marijuana plants there. They then
15 seize from that property eighty-seven marijuana plants and
16 two -- and the large garbage bags containing unknown
17 quantities and amounts of marijuana.
18         THE COURT: Is that correct, sir? Did you hear
19 that?
20         MR. PORTEOUS: Yes, sir.
21         THE COURT: Are those facts correct?
22         MR. PORTEOUS: Uh -- I do not know about the bags,
23 sir.
24         THE COURT: Well, were you growing marijuana
25 there, sir?

1   MR. PORTEOUS: Yes, sir.

2   THE COURT: Oh. All right, let me hear you,
3   Ms. DiSilva.

4   MS. DISILVA: Your Honor, I would ask that you
5   adopt the Commonwealth's recommendation based on -- if I
6   could just have a moment, your Honor -- I've misplaced the
7   defendant's --

8   THE COURT: Was this situation that there was a
9   female that owns the property that there was an application
10  for complaint denied, there's an appeal which I denied -- or
11  referred back to the DA, I forget what I did with it, to
12  tell you the truth, it's been on so long now.

13  MR. XIFARAS: That's -- that's the same --

14  THE COURT: And you spent some time looking for
15  helicopter information --

16  MR. XIFARAS: Yes.

17  THE COURT: -- and fly over information on this?

18  MS. DISILVA: Yes.

19  MR. XIFARAS: Yes.

20  MS. DISILVA: This is the same case, your Honor.

21  THE COURT: Okay.

22  MS. DISILVA: Essentially, your Honor, the
23  Commonwealth's recommendation is based on the defendant's
24  record, based on the -- the facts of the case -- and I would
25  ask that based -- given the fact of the amount of marijuana

1  that is found on the property and the defendant's record, I
2  would suggest that some type of committed sentence would be
3  appropriate in this case.
4          THE COURT:  Mr. Xifaras?
5          MR. XIFARAS:  Thank you, Judge.  Mr. Porteous is
6  fifty-three years old.  I have not looked at his record
7  today, Judge, but I believe his last offense or similar
8  offense was eleven years or -- even longer than that.
9          THE COURT:  Well I'd say it was -- well, longer,
10 he had some charges in '91 that were ultimately dismissed in
11 '94.
12         MR. XIFARAS:  Yes.  Judge, this is a gentleman who
13 was not distributing -- and I ask the Court to take this
14 into account -- there are no informants, no controlled buys,
15 this gentleman believes -- his beliefs, although he
16 recognizes it is unlawful -- he has a First Amendment
17 religious right to consume cannabis.  He's not a
18 Rastafarian, but that is his belief.  He's acknowledging
19 today that it is against the law and he's willing --
20         THE COURT:  Is he still living at this property?
21         MR. XIFARAS:  Presently yes.  He lives in a
22 trailer home there, Judge.  I'd like to bring out that the
23 gentleman earns his living for thirty-three years raising
24 German Shepherds, AKC dogs, and (unintelligible) dogs -- and
25 sells them also to law enforcement personnel --

1    THE COURT:  Not the Shih Tzu's I assume.

2    MR. XIFARAS:  Not Shih Tzu's.  No.  This is a
3  working dog, Judge.

4    THE COURT:  All right.

5    MR. XIFARAS:  It's a type of German Shepherd.  I'd
6  like to bring out -- Of course, the police should be worth
7  something, he's waiving a motion --

8    THE COURT:  What I'll do -- I wouldn't continue
9  without a finding on his record.  If he wants to plead, I'd
10 enter guilty.  Why are there two count -- two counts here?
11 One for the bags and one for the plants?

12   MS. DISILVA:  Yes, your Honor.

13   THE COURT:  Isn't that redundant?  I mean, even if
14 -- I mean he's denied the bags and anything -- what I would
15 do is I'd enter guilty on one count, one year of probation
16 with the relevant fees and -- and all of that.

17   MR. XIFARAS:  Thank you, Judge.

18   THE COURT:  And Mr. Xifaras, I mean -- I'll hear
19 you on this, but I'd also -- and maybe this is futile, but
20 I'd be inclined to enter a condition of probation that he
21 abstain from illegal drugs and he be tested for that.

22   (Pause)

23   MR. XIFARAS:  Judge, he would be willing to accept
24 your Honor's decision.

25   THE COURT:  All right.  I'm going to -- I'll

1  indicate that here and you can endorse that. Sir, do you
2  understand you have a right to a jury trial in this
3  complaint?
4      MR. PORTEOUS: Yes.
5      THE COURT: To have the question of guilty or
6  innocence decided by a unanimous vote of a six-person jury,
7  which would be selected at random from the community. You
8  would have an opportunity at that trial to participate in
9  the selection of the jurors, to confront or cross-examine
10 the witnesses, also to present any evidence you might have
11 on your own behalf. And you give all of that up with this
12 plea, do you understand that?
13     MR. PORTEOUS: Yes.
14     THE COURT: You also have the option of waiving
15 your right to a jury trial and having a trial in front of a
16 judge alone, you're passing up that opportunity also, do you
17 know that?
18     MR. PORTEOUS: Yes, sir.
19     THE COURT: In either forum, in a trial or the
20 Commonwealth, the District Attorney here would have to prove
21 you guilty beyond a reasonable doubt, you have a presumption
22 of innocence and a privilege against self-incrimination,
23 which means you cannot be forced to testify, to give any
24 evidence against yourself, or to plead guilty, which is what
25 you're doing here, sir, and you're giving up all of these

8

1  rights.  And you know that?
2          MR. PORTEOUS:  Yes, sir.
3          THE COURT:  Have you had enough time to speak to
4  Mr. Xifaras about this?
5          MR. PORTEOUS:  Yes, sir.
6          THE COURT:  Do you understand the charge?
7          MR. PORTEOUS:  Yes, sir.
8          THE COURT:  Are you making this plea of your own
9  free will?
10         MR. PORTEOUS:  Yes, sir.
11         THE COURT:  And if you're not a citizen of the
12 United States, sir, you're hereby advised that the
13 acceptance by this Court of your plea of guilty may have the
14 consequences of deportation, exclusion from admission to the
15 United States or denial of naturalization pursuant to the
16 laws of the United States.  Do you understand that?
17         MR. PORTEOUS:  Yes, sir.
18         THE COURT:  Did you sign this form?
19         MR. PORTEOUS:  Yes, sir.
20         THE COURT:  You understand that also?
21         MR. PORTEOUS:  Yes, sir.
22         THE COURT:  And you understand the sentence that
23 I'm going to impose here if I accept your plea, which is
24 different from what you asked and is also different from
25 what the DA asked?  Do you understand that, sir?

(617) 426-3077

```
 1        MR. PORTEOUS:  Yes, sir.
 2        THE COURT:  All right, do you have any questions
 3   for me?
 4        MR. PORTEOUS:  No, sir.
 5        THE COURT:  All right.  I will accept the
 6   defendant's plea.  Count one will be guilty, probation for
 7   one year, condition of probation will be the defendant
 8   abstain from consuming illegal drugs, he may be tested for
 9   that at random.  Count two will be dismissed, it's
10   duplicitous with count one.
11        MS. DISILVA:  A drug analysis fee, your Honor?
12        THE COURT:  There is going to be a drug analysis
13   fee -- of a hundred dollars.  He'll be administratively
14   supervised.
15        MR. XIFARAS:  Excuse me, Judge?
16        THE COURT:  It will be an administrative
17   probation.  Fifty-dollar fee for witness, twenty-one
18   monthly, one hundred-dollar analysis fee.
19        Is there agreement on the forfeiture?
20        MR. XIFARAS:  Yes, sir.
21        THE COURT:  All right, that will be allowed.
22        MS. DISILVA:  I need you to sign this attorney's
23   (unintelligible), please?
24        MR. XIFARAS:  I'm sorry?
25        THE COURT:  Ninety-day review date on the fee
```

1  assessments.
2       THE CLERK: Complaint 2003-6798, count one,
3  possessing to distribute a Class D drug, adjudicated guilty,
4  placed on probation to September 16th, the year 2005.
5  Condition of this probation, you abstain from illicit drugs
6  and submit to random testing. There is a fifty dollar
7  witness fee, twenty-one dollar a month probation supervision
8  fee, one hundred dollar drug analysis fee. Count two,
9  possessing to distribute a Class D drug, that matter is
10 dismissed. There is a forfeiture in the amount of two
11 hundred and twenty-four dollars.
12      MR. XIFARAS: I'd just like the record to reflect
13 -- I know that the caption says intent to distribute, but he
14 has admitted to cultivating it.
15      THE COURT: All right. Possession with the intent
16 to cultivate -- or cultivation, I think it's all
17 comprehended within the --
18      MR. XIFARAS: It is in the same statute, Judge.
19      THE COURT: -- statute.
20      THE CLERK: Payment is extended to December the
21 17th, speak with the probation order for release, please --
22      (Whereupon, the hearing was concluded.)

# CERTIFICATE OF TRANSCRIBER

This is to certify that the attached proceedings in the Matter of:

COMMONWEALTH OF MASSACHUSETTS
V.
SCOTT PORTEOUS

Docket No.: 2003-6798

Place: Fall River, Massachusetts

Date: September 17, 2004

were held as herein appears, and that this is the true, accurate and complete transcript prepared from the notes and/or recordings taken of the above entitled proceeding.

J. Mocanu
Transcriber

12/14/04
Date

*APEX Reporting*
(617) 426-3077