UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12432-RWZ

UNITED STATES OF AMERICA

v.

9A MASON ROAD, EAST FREETOWN, MASSACHUSETTS

MEMORANDUM OF DECISION

March 2, 2005

ZOBEL, D.J.

Kathleen Whittaker owns real estate located at 9A Mason Road, East Freetown, Massachusetts, pursuant to conveyance by her mother, Beverly Gurney. The United States filed suit for forfeiture of this property as a result of its alleged use by Scott Porteous, Ms. Whittaker's boyfriend, in violation of federal drug laws. Each, Ms. Whittaker, her mother, and her boyfriend, filed notice of a claim to the property, and in her answer to the complaint, Ms. Whittaker asserted affirmative defenses. Plaintiff successfully moved for judgment on the pleadings as to Mr. Porteous's claim and argued its position on an identical motion as to Ms. Gurney's claim in a hearing before the Court. At the hearing, Ms. Gurney sought maintenance of her right to first refusal, as set forth in the deed to Ms. Whittaker, in the event that 9A Mason Road is sold. Plaintiff protested that preservation of such right would allow Ms. Gurney to return the property to Ms. Whittaker at the risk of Mr. Porteous resuming illegal use of and activity on the land. In acknowledgment of this reasonable concern, the parties agreed at the

hearing to preserve Ms. Gurney's right on the condition that she prohibit access to the property by Mr. Porteous and not reconvey the property to her daughter for at least five years following exercise of the right.  At the close of the hearing, the Court ordered the parties to refine their agreement and provide written notice of final resolution.  Such resolution would render moot plaintiff's Motion for Judgment on the Pleadings as to Ms. Gurney.  So far, the parties have not filed the notice.

In the meantime, plaintiff moved for partial summary judgment on the sole issue of forfeiture as separate from Ms. Whittaker's asserted affirmative defenses.  In a forfeiture action, the government must first meet a "relatively modest burden of showing probable cause."  U.S. v. 15 Bosworth Street, 236 F.3d 50, 54 (1st Cir. 2001).  Claimants must then "refute the government's prima facie case in one of two ways: either (1) by demonstrating that the property was not in fact used for the specified illegal activity, or (2) by proving that [the claimant] neither knew about, nor consented to, the illegal activity."  Id.  If, as in the instant case,

> the claimants do not contest that the government satisfied its burden of showing that it had probable cause to believe that the Property was subject to forfeiture . . . [t]he case turns, then, on the persuasiveness of the claimants' contention that they established, by a fair preponderance of the evidence, that they were innocent owners . . ."  Id.

Neither Ms. Whittaker nor Ms. Gurney opposed plaintiff's motion for summary judgment on probable cause for forfeiture, and only Ms. Whittaker has asserted "innocent owner" defenses.  Accordingly, plaintiff's Motion for Partial Summary Judgment (#40 on the docket) is allowed as to both Ms. Whittaker and Ms. Gurney.

Nonetheless, the Court orders the parties to file their agreement as to Ms. Gurney's

2

retention of a right to first refusal. Upon such filing, plaintiff's pending Motion for Judgment on the Pleadings as to Ms. Gurney (#32 on the docket) is moot. A hearing regarding Ms. Whittaker's affirmative defenses, the sole remaining issues in the case, is scheduled on March 30, 2005, at 3 p.m.

_____     /s/ Rya W. Zobel
    DATE                              RYA W. ZOBEL
                                   UNITED STATES DISTRICT JUDGE