UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff,<br><br>      v.<br><br>9A MASON ROAD, also known as<br>15 MASON ROAD,<br>EAST FREETOWN, MASSACHUSETTS,<br>            Defendant. | )<br>)<br>)<br>) Civil Action No. 03-12432-RWZ<br>)<br>)<br>)<br>)<br>) |

**SETTLEMENT AGREEMENT**

The United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Claimant Kathleen A. Whittaker, by and through her attorney, Donald A. Brisson, Esq., state:

WHEREAS, on December 3, 2003, the United States filed its Verified Complaint for Forfeiture in Rem ("the Complaint"), and on May 12, 2004, the United States filed its Amended Verified Complaint for Forfeiture in Rem, alleging that the following property is subject to forfeiture under 21 U.S.C. § 881(a)(7):

> the real property located at 9A Mason Road, also known as 15 Mason Road, East Freetown, Massachusetts, having a deed recorded at Book 1447, Page 36 of the Bristol County Registry of Deeds, including all buildings, appurtenances, and improvements thereon ("15 Mason Road"), consisting of 5.20 acres of land located in East Freetown,

>Massachusetts, identified by the Town Freetown's Assessor's Office as Map 227, Block 109, Lot 0-R, and shown on the "Plan of Land in East Freetown, MA drawn for Merton Gurney" made by Brant S. Haworth Associates Civil Engineers and Land Surveyors, dated August 2, 1982;

WHEREAS, the United States asserts that 15 Mason Road constitutes real property used, or intended to be used, in any manner or in part, to commit, or facilitate the commission of a violation of 21 U.S.C. §§ 841, 846, and/or 856, and property traceable thereto, and therefore is subject to forfeiture under 21 U.S.C. § 881(a)(7);

WHEREAS, 15 Mason Road is owned by Kathleen A. Whittaker;

WHEREAS, on December 31, 2004, the District Court (Zobel, D.J.) issued a Warrant and Monition pursuant to the Complaint;

WHEREAS, on March 5, 2004, Kathleen A Whittaker filed a Claim in this action;

WHEREAS, on March 25, 2004, Kathleen A. Whittaker filed an Answer in this action;

WHEREAS, on March 5, 2004, Beverly Gurney filed a Claim in this Action;

WHEREAS, on March 25, 2004, Beverly Gurney filed an Answer in this action;

WHEREAS, on March 9, 2004, Scott Porteous filed a Claim in this Action;

WHEREAS, on March 25, 2004, Scott Porteous filed an Answer in this Action;

WHEREAS, this Court granted the United States' Motion for Judgment on the Pleadings as to Scott Porteous' Notice of Claim and entered Judgment of Forfeiture against Porteous on June 18, 2004;

WHEREAS, this Court granted the United States' Motion for Partial Summary Judgment on March 2, 2005, finding that 15 Mason Road is forfeitable to the United States;

WHEREAS, Beverly Gurney did not assert any affirmative defenses in her Claim or Answer;

WHEREAS, as of this date, no other party has filed a claim to 15 Mason Road or answered or otherwise defended against this forfeiture action as required by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and the time within which to do so has expired;

AND WHEREAS, the parties desire to reach a full and final settlement of this matter;

NOW THEREFORE, it is stipulated and agreed by and between the undersigned parties as follows:

1.  Upon execution by all parties, this Agreement shall be filed with the United States District Court for the District of

Massachusetts. This Court shall retain jurisdiction to enforce the provisions of this Agreement.

2. Subject to the terms set forth in this Agreement, and in the Final Judgment and Order of Forfeiture entered by the Court, the parties agree that Claimant Kathleen A. Whittaker will forfeit to the United States a sum of $126,000 in United States currency (the "Defendant Currency"), in lieu of 15 Mason Road.

3. No later than May 12, 2005, Claimant Kathleen A. Whittaker shall deliver to the United States a Treasurer's Check in the amount of $126,000, made payable to the United States Marshals Service ("USMS"), and the USMS shall seize and maintain custody and control of such Treasurer's Check, in accordance with United States Department of Justice policies regarding the disposition of forfeited property.

4. The United States and Claimant Kathleen A. Whittaker agree that:

    (A) Claimant Kathleen A. Whittaker will not engage in any illegal activity at 15 Mason Road or knowingly allow any illegal activity to occur at 15 Mason Road; and

    (B) Claimant Kathleen A. Whittaker will not allow Scott Porteous to occupy 15 Mason Road in any manner while she owns 15 Mason Road.

5.   The United States and Claimant Kathleen A. Whittaker agree that the settlement of this matter upon the terms and conditions set forth herein is in full, final, and complete satisfaction of any and all civil claims arising out of the maintenance, marketing and forfeiture of 15 Mason Road and/or the Defendant Currency by the United States.

6.   Claimant Kathleen A. Whittaker unconditionally releases, indemnifies, and holds harmless the United States, its officers, agents, and employees, including, but not limited to, the United States Department of Justice, the United States Drug Enforcement Administration, the United States Marshals Service, and any state or local law enforcement departments or officers involved in this litigation, from any and all claims, demands, damages, causes of actions or suits, of whatever kind and/or description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the maintenance, marketing, and forfeiture of 15 Mason Road and/or the Defendant Currency.

7.   Without in any way limiting the generality of Paragraph 5, above, Claimant Kathleen A. Whittaker specifically agrees to waive any and all constitutional claims that she may have arising from or relating in any way to this civil action or the seizure or disposition of the 15 Mason Road and/or the Defendant Currency, including claims that this forfeiture violates the

Fourth Amendment, the Due Process Clause or the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, or any other provision of federal or state constitutional, statutory or common law.

8. All rights of appeal are hereby waived by all parties. Except as otherwise provided in this Agreement, each party shall bear its own fees, including attorneys fees and other expenses, incurred by it in connection with any of the proceedings pertaining directly or indirectly to this civil forfeiture action.

9. The parties to this Agreement acknowledge that they understand the provisions of this Agreement and the legal effects thereof, and that they are entering into this Agreement freely and voluntarily, without coercion, duress or undue influence.

IN WITNESS WHEREOF, the United States of America, by its attorney, and Claimant Kathleen A. Whitaker, both by his attorney and individually, hereby execute this Agreement.

KATHLEEN A. WHITTAKER,
By her attorney,

By: *(signature)*
Donald A. Brisson, Esq.
5 Dover Street
Suite 101
New Bedford, MA 02740
(508) 999-9694

Date: 4/17/05

Kathleen A. Whittaker

*(signature)*
Date:

MICHAEL J. SULLIVAN,
United States Attorney,

By: *(signature)*
Kristina E. Barclay
Assistant U.S. Attorney
John Joseph Moakley Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3100

Date: 4/21/05